**In the Matter of STOOKEY HOLSTEINS, INC., Debtor.**

**STOOKEY HOLSTEINS, INC., Plaintiff,**

v.

**Schuyler VAN VOORST and John Van Voorst, Defendants.**

**Bankruptcy No. 86–31174–RKR.
Adv. No. 87–3082.**

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Sept. 20, 1989.

---

Eric C. Redman, and KC Cohen, Cohen & Malad, Indianapolis, Ind., for plaintiff.

C. David Peebles, Peebles, Thompson, Rogers & Skekloff, Fort Wayne, Ind., and James R. Heuer, Columbia City, Ind., for defendants.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

On May 19, 1987, Stookey Holsteins, Inc., the debtor herein, filed its Complaint for Turnover against Schuyler Van Voorst and John Van Voorst requesting the court to order the Van Voorsts to return certain livestock owned by the debtor and held by the Van Voorsts pursuant to a Board Agreement dated October 12, 1984. On July 20, 1987, the parties advised the court that they would be able to stipulate all the relevant facts. The parties filed their Stipulation on September 30, 1988, after which time the court permitted the parties to file briefs in support of their respective positions. On February 13, 1989, following the time allowed for submitting briefs the court took the matter under advisement.

### Background

Stookey Holsteins, Inc., filed its petition under Chapter 11 of the Bankruptcy Code on September 3, 1986. In its Complaint for Turnover the debtor alleges that at the time of filing its petition the Van Voorsts held certain cattle owned by the debtor pursuant to a Board Agreement dated October 12, 1984, whereby the Van Voorsts agreed to provide daily care for the cattle in return for the payment of $1.50 per day for each animal. In its complaint the debtor states that the Van Voorsts have filed a Proof of Claim in the debtor's main case for $42,181.00 which the debtor allegedly owed to the Van Voorsts at the time of the filing of the debtor's petition. The debtor submits, however, that it is unable to pay the pre-petition debt and unable to determine the administrative debt due the Van Voorsts at this time. The debtor asserts that it asked for the return of its cattle but that the Van Voorsts declined to return the livestock claiming they hold a security interest therein pursuant to Ind.Code § 32–8–29–1. The debtor asks for the immediate return of its cattle and asks the court to determine the amount of the Van Voorsts' pre-petition claim as well as any administrative claim to which the Van Voorsts are entitled.

The Van Voorsts filed their Answer and Counterclaim on April 17, 1987, in which they deny that John Van Voorst is a party to the October 12, 1984, Board Agreement, deny that the debtor is unable to determine the amount of Schuyler Van Voorst's administrative claim, and submit that if the court permits the cattle to be sold, the court should protect their claim of lien by transferring their rights to the proceeds from the sale. Schuyler Van Voorst further asserts a counterclaim against the debtor alleging that he is entitled to recover the amount listed in his Proof of Claim filed in the debtor's main case as well as his expenses of approximately $3,000.00 per month in feeding the debtor's cattle subsequent to the filing of the debtor's petition. Van Voorst contends that the court should permit him to foreclose upon his agister's lien and to collect the proceeds from the sale of the debtor's cattle and should award him periodic adequate protection payments in the interim.

In their Stipulation filed September 30, 1988, the parties agree that:

1. With regard to Plaintiff's complaint, Defendants have surrendered possession of the cattle which were the subject matter thereof, and said matter is

moot, except for the request that the claims of Defendants [sic][1] be determined.

2. With regard to Defendants' [sic] counterclaim:

a. Said counterclaims [sic] relate only to a claim of agister's lien for care and feeding to [sic] Debtor's cattle rendered prior to the order for relief herein; Defendant Schuyler Van Voorst has also filed an administrative claim herein which remains pending.

b. The [B]oard [A]greement ... was in full force and effect at all relevant times herein.

c. The cattle listing attached to Plaintiff's complaint as Exhibit "B" is an accurate enumeration of cattle in possession of Defendant Schuyler Van Voorst at the time of the order for relief herein....

Stipulation (September 30, 1988). The parties attached Schuyler Van Voorst's Schedule of Itemization of Secured Claim to their Stipulation listing Van Voorst's periodic calculation of expenses accumulated and payments made under the Board Agreement as Exhibit "B."

In its memorandum in support of its complaint, which is a copy of a memorandum supporting the position of the debtor in Adversary Proceeding No. 87–3014 dealing with the question of whether the plaintiff therein created a liveryman's lien under Ind.Code 32–8–29–1,[2] the debtor asserts that in order for one to take advantage of the rights and remedies available under Ind.Code 32–8–30, one must adhere to the requirements of Ind.Code § 32–8–30–9. Specifically, the debtor asserts that a person first must give an owner of property a receipt stating his lien rights in property entrusted to him in order to qualify as the holder of an agister's lien with the rights and remedies provided under § 32–8–29–1. In support of its position the debtor cites the policy consideration of protecting an owner's property rights over alleged possessory rights in property. The debtor argues that the court must construe the statutory requirements strictly in order to avoid contravening the legislature's intent and accordingly that as Schuyler Van Voorst failed to issue a receipt to the debtor which met the statutory requirements, the court must find that he has no lien in the cattle or the proceeds therefrom.

### Discussion and Decision

■ Title 28 U.S.C. § 157 provides that the "determination of the validity, extent, or priority of liens" is a core proceeding to be determined by the bankruptcy court. 28 U.S.C. § 157(b)(2)(K) (Callaghan 1988). The issue before the court is whether Schuyler Van Voorst holds an agister's lien in the proceeds from the sale of the debtor's cattle, and if so to what extent, and whether he is entitled to interim adequate protection payments to secure any lien he may have. The parties agree that state law controls in determining whether Van Voorst holds an agister's lien in the debtor's property.

Ind.Code § 32–8–29–1 states:

The keepers of livery stables and all others engaged in feeding horses, cattle, hogs and other livestock shall have a lien upon such property for the feed and care bestowed by them upon the same, and shall have the same rights and remedies as are provided for those persons having, before July 24, 1853, by law, such lien in IC 32–8–30.

Ind.Code Ann § 32–8–29–1 (Burns Supp. 1989). Ind.Code § 32–8–30 provides that a bailee who has a lien for the feed or care of animals may sell that part of the livestock necessary to pay his charges upon proper notice. Ind.Code Ann. §§ 32–8–30–1, 32–8–30–3, 32–8–30–4, and 32–8–30–5 (Burns Supp.1989). Ind.Code § 32–8–30–9 further provides:

1. Only defendant Schuyler Van Voorst has filed an administrative claim and counterclaim in this matter.

2. The debtor indicates that it has submitted this brief rather than an original pursuant to its agreement with counsel for defendant Schuyler Van Voorst due to the identical nature of the stipulated facts in this proceeding and in Adversary Proceeding No. 87–3014.

All mechanics, tradesmen, or bailees taking advantage of this chapter, at the time of the entrusting, must issue a receipt to the person entrusting the article to them. The receipt must conspicuously state, "All articles left on the premises after work is completed may be sold for charges."

Ind.Code Ann. § 32–8–30–9 (Burns Supp. 1989).

The debtor argues that Schuyler Van Voorst does not have a valid agister's lien in the debtor's cattle since he failed to comply with Ind.Code § 32–8–30–9 by supplying an appropriate receipt to the debtor. Reviewing the relevant statutes, however, the court finds that this argument is not persuasive. Ind.Code § 32–8–29–1, standing alone, grants those engaged in feeding cattle a lien upon the cattle for feed and care costs incurred. The section further provides that such a person has the rights and remedies provided in Ind.Code § 32–8–30. While Ind.Code § 32–8–30–9 requires a bailee taking advantage of the rights and remedies of Ind.Code § 32–8–30, including namely the right to sell the property bailed, to issue a receipt to the person entrusting property to them, the section does not foreclose a bailee from asserting a lien based upon Ind.Code § 32–8–29–1 in the event it elects not to assert the rights and remedies provided Ind.Code § 32–8–30. To the contrary, the court finds that the lien granted to livery stable keepers and others caring for livestock stands regardless of the bailee's reliance or nonreliance upon the provisions of § 32–8–30. Therefore, as Schuyler Van Voorst chose not to exercise his right to sell the debtor's cattle, the court finds that Ind.Code § 32–8–30–9, which requires a bailee to issue a receipt stating that the property might "be sold for charges," is inapplicable to him regardless of how strictly the court construes the statute.

The debtor cites *Tucker v. Capital City Riggers*, 437 N.E.2d 1048 (Ind.App.1982), in support of his position to the contrary. Reviewing this case, however, the court finds it to be distinguishable from the case at hand. In *Tucker*, the court considered whether the plaintiff was entitled to recover a forklift from the defendant-appellant, a mover of heavy machinery, which had moved the forklift from California to Indiana and claimed a lien on the forklift for moving and other unrelated costs. The court concluded that because the defendant-appellant held the forklift "hostage for unrelated debts," it in effect waived any lien which it may have held in the property. 437 N.E.2d at 1052.

In this case Schuyler Van Voorst only claims to hold a lien in the debtor's cattle and/or the proceeds therefrom for debts related to the care of the cattle. Moreover, Van Voorst has returned the cattle to the debtor. Hence, the issues of wrongful possession and possible waiver of lien are not before the court. In addition, discussion in *Tucker* concerning the mandatory construction of Ind.Code §§ 32–8–32–1—32–8–32–3 is inapplicable because the statute specifically states that in order "to acquire ... a lien upon ... [such] property ... [one] shall file ... notice...." 437 N.E.2d at 1051 (quoting Ind.Code § 32–8–32–2 (1976)). In our case the applicable statute requires no notice for acquiring a an agister's lien. The court therefore finds that Schuyler Van Voorst holds an agister's lien in the debtor's cattle and/or the proceeds therefrom.[3]

■ Reviewing the Schedule of Itemization of Secured Claim ("Schedule") attached as Exhibit B to the parties' Stipulation, the court finds the Schedule to be a reasonable and accurate accounting of Schuyler Van Voorst's expenses in feeding and caring for the debtor's cattle from July 1, 1985, to September 5, 1986, the date the debtor filed its Chapter 11 petition. The court accordingly finds that Van Voorst holds a lien in the amount of $42,422.48 on the cattle which he formerly held for the debtor and/or the proceeds therefrom. The court further notes that Schuyler Van

**3.** Pursuant to the Agreed Entry Regarding Plaintiff's Motion for Preliminary Injunction filed by the parties on June 10, 1987, and approved by the court on June 12, 1987, the parties agreed that Van Voorst's lien continues as a lien on any proceeds from the sale of the debtor's cattle.

Voorst may be entitled to certain administrative expenses arising from his care of the debtor's cattle after the filing of the petition. Inasmuch as the court does not have before it an itemized accounting of these expenses, it is unable to rule upon the amount of Van Voorst's possible administrative claim at this time. The court orders Schuyler Van Voorst to file with the court and to serve upon counsel for the debtor a complete itemization of the administrative expenses which he may have incurred from the date of the filing of the debtor's petition to the present within 30 days from the date of this Order. Upon the filing of the itemization the court will set the matter for a hearing on the amount of the administrative expenses due and possible adequate protection to be awarded.

### Conclusion

WHEREFORE, the court determines that Schuyler Van Voorst holds an agister's lien in the amount of $42,422.48 on the debtor's cattle which he formerly held pursuant to the Board Agreement and/or the proceeds therefrom. The court orders Schuyler Van Voorst to file with the court and to serve upon the debtor's counsel a complete itemization of his alleged administrative expenses from the date of the filing of the debtor's petition to the present within 30 days from the date of this Order, after which time the court will address the issues left unresolved in the debtor's complaint and Van Voorst's counterclaim, including the validity and amount of Schuyler Van Voorst's administrative claim and possible adequate protection to be awarded. It is

SO ORDERED.